**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RENGQIANG YU, AKA Yu Reng Qiang

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 19-73102

Agency No. A209-435-467

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 1, 2021[**]
Honolulu, Hawaii

Before: CLIFTON, R. NELSON, and COLLINS, Circuit Judges.

Petitioner Rengqiang Yu, a citizen and native of China, petitions for review

of the decision of the Board of Immigration Appeals ("BIA") affirming the order

of the Immigration Judge ("IJ") denying his applications for asylum, withholding

of removal, and protection under the Convention Against Torture ("Torture

Convention"). We have jurisdiction under § 242 of the Immigration and

Nationality Act. 8 U.S.C. § 1252. While we review legal questions de novo,

---

[*] This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without
oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

findings of fact are reviewed for substantial evidence, *Hamazaspyan v. Holder*, 590 F.3d 744, 747 (9th Cir. 2009), meaning that those findings must be upheld unless "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We deny the petition.

Yu's requests for relief from removal rested on his claims that he had been arrested, detained, interrogated, and beaten on two separate occasions in China for practicing his Christian religion in house meetings of church members. The IJ concluded that Yu was not credible, but that, even if his testimony were accepted, he did not establish his eligibility for any form of relief. Although the BIA adopted the IJ's decision pursuant to *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), the BIA's decision qualified that adoption by also stating that (1) in upholding the adverse credibility determination, the BIA relied on only the factors discussed in the BIA's decision and not on "the remaining factors" mentioned by the IJ; and (2) the BIA did not reach or rely upon the alternative grounds provided by the IJ. Accordingly, we construe the BIA's decision as adopting the IJ's decision only to the extent that it denied relief based on the adverse credibility determination and then only with respect to the credibility factors the BIA discussed. Thus construed, the agency's credibility ruling relied upon five "specific and cogent reasons," *Shrestha v. Holder*, 590 F.3d 1034, 1042 (9th Cir. 2010), that are supported by substantial evidence.

2

First, substantial evidence supports the agency's conclusion that Yu's credibility was undercut by inconsistencies between the notes of Yu's Border Patrol interview and his later testimony—particularly his statements, in the initial interview, that he had come to the United States to seek employment and that he had never been arrested before. Yu argues that the Border Patrol notes should have been discounted as unreliable, but we conclude that the agency permissibly rejected this contention. Although the document containing the notes indicates that Yu declined to sign it, the agency was not compelled to conclude that this rendered the notes unreliable. Given the indicia of reliability that the BIA noted on the face of the document—*viz*., that "such records reflect that [Yu] was placed under oath, that the interviews were conducted with the assistance of an interpreter whom [Yu] understood, and that the interviewers kept typewritten notes in question-and-answer format"—as well as the fact that the document accurately recorded other uncontested information, we conclude that the agency had a sufficient basis for finding the notes to be reliable. *See Mukulumbutu v. Barr*, 977 F.3d 924, 926 (9th Cir. 2020).

Second, substantial evidence supports the agency's conclusion that Yu's claims that he was fleeing mistreatment were undermined by the fact that, prior to the claimed mistreatment, he had unsuccessfully filed two nonimmigrant U.S. visa applications containing false information. Although Yu presents a variety of

3

arguments as to why the agency should not have attributed any errors in those applications to him, we cannot say that the agency was required to accept those explanations. Moreover, even apart from any errors in the applications, it still was reasonable for the agency to conclude that Yu's prior efforts to come to the U.S. supported the inference that he was an "economic migrant" and that his subsequent claims of mistreatment were not credible.

Third, the agency noted that Yu's testimony was inconsistent with one of the medical documents that he had submitted. Yu testified that he became unconscious at the police station during his first arrest, but he also stated that neither he nor his mother had mentioned that fact to the doctor who later examined him. Nonetheless, the medical record stated, "Patient was temporarily unconscious." When asked about the discrepancy, Yu could not explain how the doctor would have known that he had been unconscious. Although on appeal Yu presents various explanations for the discrepancy, they do not establish that the agency's view of the record was impermissible.

Fourth, the agency noted that certain omissions in Yu's asylum application further undermined his credibility. In particular, Yu listed his employment as "Odd Jobs" on his asylum application, but he later testified that he had worked as a regular employee at a restaurant from June 2015 until May 2016 and that he was dismissed from that job due to his first arrest. When asked about the discrepancy,

4

he stated that perhaps it was a translation error. The agency was not required to accept this explanation, and the failure to list this job on his asylum application, which bore on the events of his claimed mistreatment, provided a further proper basis for questioning Yu's credibility. *Shrestha*, 590 F.3d at 1046.[1]

Finally, the agency relied on what it deemed to be the implausibility of certain aspects of Yu's case. Although these points provide at best weak support for the agency's adverse credibility determination, we cannot say, in the context of the record as a whole and in light of the additional factors discussed above, that the agency's conclusions were impermissible.

**PETITION DENIED.**

---

[1] To the extent that the agency relied upon omissions that Yu did not have an opportunity to explain or that were merely additional relatively minor details, those points do not support an adverse credibility determination. *Perez-Arceo v. Lynch*, 821 F.3d 1178, 1184 (9th Cir. 2016). However, viewed in the context of the other valid reasons given by the agency, these points do not undermine the agency's overall credibility determination.